■  MARY McAULAY, Individually, and on Behalf of All Other Teachers and Counselors Employed by the Board of Education of the City of New York for the School Years 1977-1978 and/or 1978-1979 and Who Are Nonmembers of the United Federation of Teachers, Similarly Situated, Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, and UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant-Respondent.—Order, Supreme Court, New York County, entered September 4, 1979 which, inter alia, directed a hearing on the issue of whether the board of education and the union had undertaken proper negotiations prior to the execution of the agency shop fee deduction agreement, dated September 30, 1977, unanimously modified, on the law, without costs or disbursements, to declare that said agency shop fee deduction is valid in that it was authorized by and complied with section 208 (subd 3, par [b]) of the Civil Service Law, and to strike the provision for referral for a hearing and, except, as thus modified, affirmed. The September 30, 1977 agency shop fee deduction agreement was executed pursuant to section 208 (subd 3, par [b]) of the Civil Service Law, which was amended effective August 3, 1977, to provide that recognized public employers and public employees exclusive bargaining agents "shall be entitled to negotiate" for "deductions from the wage or salary of employees * * * who are not members of said employee organization the amount equivalent to the dues levied by such employee organization". Such statutory authorization is constitutional (see Abood v Detroit Bd. of Educ., 431 US 209) and the validity of an agency shop fee deduction provision does not turn on the extent of the negotiations leading to the agreement. The amendment to the statute merely permitted employer and union to negotiate an agreement for agency shop fee deductions. It did not impose as a condition precedent to such agreement the conduct of negotiations of any specific dimension or duration. Hence, a hearing on the extent of the negotiations leading to the September, 1977 agreement was unnecessary and defendants were entitled to judgment. Concur—Fein, J. P., Sullivan and Carro, JJ.